## UNITED STATES DISTRICT COURT

## IN THE WESTERN DISTRICT OF MICHIGAN

WODA COOPER COMPANIES, INC.,

    Plaintiff,

V

THE UNITED STATES DEPARTMENT OF AGRICULTURE, and SUSAN D. TETIL, in her capacity as MFH Program Director for The United States Department of Agriculture – Rural Development,

    Defendants.

DOCKET: 1:20-cv-928

Stephen J. Hessen (P41663)
Charles L. Bogren (P82824)
KREIS, ENDERLE, HUDGINS & BORSOS, P.C.
Attorneys for Plaintiff
P.O. Box 4010;
Kalamazoo, MI 49003
(269) 324-3000
SHessen@kehb.com
cbogren@kehb.com

## **COMPLAINT**

Plaintiff, Woda Cooper Companies, Inc., by and through its attorneys, Kreis, Enderle, Hudgins & Borsos, P.C., for its Complaint, states:

### Jurisdiction and Venue

1. Plaintiff, Woda Cooper Companies, Inc., ("Woda Cooper"), is an Ohio for-profit corporation consisting of experienced developers, general contractors, and property managers conducting business in fifteen states, including the construction and rehabilitation of multi-family housing units in Cadillac, Michigan, Decatur, Michigan, and Lawrence, Michigan.

1

2. As a developer of multi-family housing units, Woda Cooper worked with the Office of Rural Development, an agency of the United States Department of Agriculture, to develop low income housing in rural areas.

3. The Multi-Family Housing Director for Rural Development in Michigan is Susan Tetil.

4. As the harms suffered due to the actions of Ms. Tetil are tortious in nature, Woda Cooper took action under the Federal Tort Claim Act ("FTCA") in order to seek remuneration.

5. Pursuant to 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2(a), Woda Cooper provided notification of incidents damaging the company and exposing the government to liability.

6. As per the terms of the Statute, Woda Cooper allowed the Office of Rural Development and the United States Department of Agriculture six months to address these concerns, but received no response.

7. A follow-up letter was sent following the expiration of the 6-month period, but this correspondence was similarly never answered.

8. As per the FTCA, Woda Cooper now brings this lawsuit having allowed for the prescribed time to expire without an answer and having been seemingly ignored.

9. The Office of Rural Development, being an arm of the executive branch under the United States Department of Agriculture, engages and conducts its business throughout the United States, including, but not limited to, in the State of Michigan.

10. This action seeks damages in excess of $75,000 and as this matter is being brought against an agency of the Federal Government under a federal statute, the FTCA, jurisdiction is proper in this Court under 28 U.S.C. § 1331.

11. The situs of the dispute which gives rise to the current action is based around the Cadillac, Michigan, Decatur, Michigan, and Lawrence, Michigan developments undertaken by Woda Cooper.

12. As a substantial portion of the events giving rise to Woda Cooper's claims occurred in the Western District of Michigan, and venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**Background and Facts**

13. Woda Cooper is an Ohio-based developer of multi-family apartment complexes and units and engages in the associated construction and management of those multi-family complexes and units.

14. Defendant Susan Tetil works for the Michigan office of the Rural Development arm of the United States Department of Agriculture ("USDA").

15. Woda Cooper develops and then manages many of these multi-family units under federal programs that are targeted at providing additional affordable housing for rural communities.

16. Woda Cooper is one of the few developers willing to work with the office of Rural Development according to their own employees. See **Exhibit A** for an email exchange.

17. As part of this process, Woda Cooper can earn between $350,000.00 and $750,000.00 for the developer fee for each property it develops. The company also earns revenue related to the construction and management of the units it develops.

18. Due to its proximity to Woda Cooper's main office in Columbus, Ohio, Woda Cooper has ongoing projects in the State of Michigan, where it has become the target of Rural

Development officials, who have ultimately engaged in a pattern of behavior that has deprived Woda Cooper of future business expectancies.

19.     Since 2018, Defendant Tetil has repeatedly attacked Woda Cooper and its work not just in Michigan, but in neighboring states as well. See **Exhibit B and C** for email exchanges illustrating these attacks.

20.     Defendant Tetil made accusations based on misinformed beliefs about the law governing these types of developments, and despite Woda Cooper's attempts to correct these accusations and attacks made by Defendant Tetil against them, she has continued to level these spurious claims.

21.     Defendant Tetil has gone so far as to accuse Woda Cooper of engaging in unfair and unethical business practices, even telling other potential sources of business that Woda Cooper has made fraudulent representations to the Office of Rural Development.

22.     These harmful claims continued on despite doubts cast and concerns raised by others as to the truth of the accusations. See **Exhibit D**.

23.     The Director of the Michigan Office of Rural Development, Mr. Jason Allen, was aware of many of the accusations being made by Defendant Tetil, but he took no action to curb her ongoing vendetta against Woda Cooper.

24.     Defendant Tetil alleged that Woda Cooper fraudulently concealed overages in cost estimates for its Maple Hill and Decatur Downs Projects[1] and requested changes in the building plans at Lawrence Downs[2] in a manner that allegedly violated the Fair Housing Act's standards. See **Exhibit E**.

---

[1] Multi-Family Housing Developments completed by Woda Cooper and located at 207-211 Pearl Street, Cadillac, MI 49601 and 407 East Edgar Bergen Boulevard, Decatur, MI 49045, respectively.
[2] A Multi-Family Housing Development rehabilitated and managed by Woda Cooper located at 595 S. Paw Paw Street, Lawrence, MI 49064.

25. Though these claims were completely baseless, there was no effort by the Office of Rural Development to counter what its employee was saying, either publically or through direct communication with the would-be business partners of Woda Cooper.

26. It was not only a whisper campaign against Woda Cooper that Defendant Tetil undertook however, as she also advocated for direct action against the Plaintiff and its business interests and expectancies both within the USDA-RD and with other potential Woda Cooper partners.

27. Despite a long-standing relationship with her employer and with Woda Cooper, Defendant Tetil pushed for "unannounced visits" with the hope that Office of Rural Development officials would catch Woda Cooper in alleged wrong-doing. See **Exhibit F**.

28. There was little justification offered for these recommendations beyond statements like "because it is Woda. . ." See **Exhibit F.**

29. Woda Cooper has become a target for this official for no reason other than the baseless belief of wrong-doing by Woda Cooper.

30. Woda Cooper otherwise has had a positive and longstanding relationship with the USDA-RD both in Michigan prior to Ms. Tetil's actions and in other states.

31. Given Plaintiff's longstanding positive relationship with the USDA-RD, typically in each instance where there are concerns or complaint that are raised, Woda Cooper is, was, and has been able to respond to them point by point and make clear that such concerns were either misplaced, corrected or otherwise resolved.

32. However, this was not enough to satisfy some of the Office of Rural Development officials, especially those associated with Ms. Tetil and aware of her opinions and actions

relative to Woda Cooper, and she and they continued to strike out against Woda Cooper, or remain deafeningly silent in the fact of the blatant lies being spread by a colleague.

33. To that end, and despite not being an attorney or having any formal training in the matter, Defendant Tetil has tried to go about offering advice to those who have made claims against Woda Cooper as a property developer, constructor and property management entity.

34. Defendant Tetil actively engaged with complainants and even went so far as to bring up a claim to others both within the Office of Rural Development and without justification for her personal animosity towards Woda Cooper.

35. This animosity seems to be justified in the mind of Defendant due to Woda Cooper having had success with the federal government in developing multi-family housing over the years, which in turn has allegedly cause it to lose focus on their traditional strength of development and stretch its employees out too thinly.

36. Instead of raising her concerns through proper channels as would be expected by discussing them privately with the Plaintiffs, Ms. Tetil disseminated misinformation to other development authorities and third parties in an attempt to damage of discredit the Plaintiff.

37. Once again, due to the actions of Ms. Tetil, Woda Cooper and its prospective engagements with other would-be business partners on potential projects throughout not just Michigan, but across its 15 state business footprint, were impacted by Ms. Tetil's vendetta against them and her unfounded assertions of misdeeds and wrongdoing that Woda Cooper had no recourse to solve.

38. In one instance, Woda Cooper was forced to forego the management of a Wisconsin Rural Development project because of concerns raised by Defendants, costing Woda Cooper $350,000.00 to bring in another third party manager.

39. The harm caused by the officials at the Office of Rural Development has resulted in damages of at least $1,500,000.00, as well as the potentially intangible harm of attacking the good name and business practices of an otherwise prominent and rising corporation.

40. These officials have attempted to stop Woda Cooper from performing its duties and in doing so have regularly interfered with its business operations, interests, and expectancies.

41. Because of these actions, Woda Cooper has been forced to seek redress under the Federal Tort Claims Act ("FTCA").

42. The pervasive attacks against Woda Cooper and its interests have caused and will continue to cause damage to the company, and have interfered with its ability to conduct not only its current business, but its future plans as well.

43. The actions of the officials of the Office of Rural Development caused harm to the business and business relationships that Woda Cooper enjoyed prior to these attacks.

44. This harm was caused intentionally by at least one of the Office of Rural Development officials, Defendant Tetil, and was done purposefully to stop Woda Cooper from engaging in more business with both her own entity and any related one she could influence.

### Count I – Tortious Interference of Prospective Economic Advantage

45. Woda Cooper restates the allegations set forth in paragraphs 1 through 44 is if fully set forth herein.

46. Woda Cooper had business expectancy with the Wisconsin Office of Rural Development and the USDA at the time these interferences began.

47. Not only was the business relationship currently profitable, but Woda Cooper had a reasonable likelihood of future economic benefit with the planned developments in Wisconsin and working with the Wisconsin Office of Rural Development.

48. Defendants knew of the business expectancy at the time of the claimed interference.

49. Defendants intentionally interfered with the business expectancy enjoyed by Woda Cooper.

50. Defendant improperly interfered with the business expectancy enjoyed by Woda Cooper.

51. Defendant Tetil's conduct caused the Wisconsin Office of Rural Development to disrupt or terminate the business expectancy with Woda Cooper.

52. Woda Cooper was damaged as a result of Defendant's conduct

WHEREFORE, Woda Cooper requests this Court award it $1,500,000.00 for the damages suffered, as well as an award of its costs and attorney's fees as well as any other relief this Court deems just.

## Count II – Tortious Interference of Business Expectancies

53. Woda Cooper restates the allegations set forth in paragraphs 1 through 53 is if fully set forth herein.

54. Woda Cooper had a business relationship with the Michigan Office of Rural Development and the USDA at the time these interferences began.

55. Not only was the business relationship currently profitable, but Woda Cooper had a reasonable likelihood of future economic benefit for Plaintiff.

56. Defendants knew of the business relationship or expectancy at the time of the claimed interference.

57. Defendants intentionally interfered with the business relationship or expectancy enjoyed by Woda Cooper.

58. Defendant improperly interfered with the business relationship or expectancy enjoyed by Woda Cooper.

59. Defendant Tetil's conduct caused the Wisconsin Office of Rural Development to disrupt or terminate the business relationship or expectancy.

60. Woda Cooper was damaged as a result of Defendant's conduct.

WHEREFORE, Woda Cooper requests this Court award it $1,500,000.00 for the damages suffered, as well as an award of its costs and attorney's fees as well as any other relief this Court deems just.

Respectfully submitted,

DATED: September 23, 2020           BY: */s/ Stephen J. Hessen*
                                            Stephen J. Hessen (P41663)
                                            Charles L. Bogren (P82824)
                                            Kreis, Enderle, Hudgins & Borsos, P.C.
                                            Attorneys for Plaintiff
                                            P.O. Box 4010
                                            Kalamazoo, MI 49003-4010
                                            shessen@kreisenderle.com
                                            269-324-3000